## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICE OF MANAGEMENT AND BUDGET, | ) | |
| 725 17th Street, N.W., | ) | |
| Washington, DC 20503, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. DEPARTMENT OF ENERGY, | ) | |
| 1000 Independence Ave., S.W., | ) | |
| Washington, DC 20585 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants Office of Management and Budget and U.S. Department of Energy to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third

Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government agencies and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results to the American public to inform them about "what their government is up to."

4.      Defendant Office of Management and Budget is an agency of the U.S. Government and is headquartered at 725 17th Street, N.W., Washington, DC 20503.  Defendant OMB has possession, custody, and control of public records to which Plaintiff seeks access.

5.      Defendant U.S. Department of Energy is an agency of the U.S. Government and is headquartered at 1000 Independence Ave., S.W., Washington, DC 20585.  Defendant DOE has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On December 10, 2020, Plaintiff submitted a FOIA request to Defendant OMB seeking communications between Ron Klain and any official of the Office of Management and Budget regarding the solar company Solyndra.  The timeframe of the request was January 20, 2009 to January 1, 2011.

7.      By email dated December 10, 2020, Defendant OMB acknowledged receiving Plaintiff's FOIA request and assigned it OMB FOIA Number 2021-082.

8.      On December 10, 2020, Plaintiff also submitted a FOIA request to Defendant DOE seeking communications between Ron Klain and any official of the U.S. Department of Energy regarding the solar company Solyndra.  The timeframe of the request was January 20, 2009 to January 1, 2011.

9.      Defendant DOE subsequently acknowledged receiving Plaintiff's FOIA request and assigned it Reference Number HQ-2021-00200-F.

10.      On December 14, 2020, and confirmed by email, Plaintiff narrowed its request to DOE's Loan Programs Office, the Office of Energy Efficiency & Renewable Energy and the Office of Environmental Management.

11.      As of the date of this Complaint, Defendants have not made determinations about whether they will comply with Plaintiff's FOIA requests, notified Plaintiff of any determinations, or notified Plaintiff of its right to appeal any adverse determinations to the head of the agencies. Nor have Defendants produced any records responsive to the requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12.      Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13.      Defendants are in violation of FOIA.

14.      Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

15.      Plaintiff has no adequate remedy at law.

16.      To trigger FOIA's administrative exhaustion requirement, Defendant OMB was required to make a final determination on Plaintiff's request to that agency by January 12, 2021 at the latest.

17.      Defendant DOE was required to make a final determination on Plaintiff's FOIA request to that agency by January 14, 2021 at the latest.

18.    Because Defendants failed to make final determinations on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeals remedy.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's requests and *Vaughn* indexes of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 2, 2021

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*